**PAST COAL COMPANY, Appellant,**

v.

Michael Keith BISHOP; Special Fund; Thomas Shewmaker, Administrative Law Judge; and Workers' Compensation Board, Appellees.

**PAST COAL COMPANY and The Travelers Insurance Company, Appellants,**

v.

Michael Keith BISHOP; Special Fund; Thomas Shewmaker, Administrative Law Judge; and Workers' Compensation Board, Appellees.

Nos. 93–SC–387–WC, 93–SC–403–WC.

Supreme Court of Kentucky.

Feb. 24, 1994.

A. Stuart Bennett, Jackson & Kelly, Lexington, John V. Porter, Travelers Ins., J.K. Wells, Wells, Porter, Schmitt & Walker, Paintsville, for appellant Past Coal Co.

Lawrence R. Webster, Pikeville, for appellee Bishop.

Mark C. Webster, Labor Cabinet, Special Fund, Louisville, for appellee Special Fund.

OPINION OF THE COURT

These appeals are by two insurance carriers, each of which provided coverage for the defendant-employer for one of the two work-related injuries, the claims for which were consolidated by the Administrative Law Judge (ALJ). They concern the function of the prehearing conference in resolving workers' compensation claims and the proper role of the ALJ at the prehearing conference.

The prehearing conference on this claim was held on February 20, 1990. After the prehearing conference, claimant moved to reopen the time for proof in order to obtain additional medical evidence. As grounds for the motion he asserted that at the prehearing conference the ALJ had "expressed serious doubts as to the credibility" of the testimony of Dr. Diane Shafer. Dr. Shafer had treated claimant subsequent to the second injury. Dr. Nadar, who had examined claimant after the first injury, was claimant's other medical expert. No allegation was made that the ALJ doubted his credibility. In opposing the motion, the employer's version was that the ALJ "was unpersuaded by Dr. Shafer's findings and opinions." After the motion to reopen the proof was denied, claimant moved to introduce the medical report of a Dr. McWhorter, a radiologist. That motion also was denied. The ALJ awarded a period of temporary, total disability after each injury but determined that claimant suffered from no permanent disability.

The Workers' Compensation Board (Board) affirmed the ALJ, finding no abuse of discretion in the ALJ's refusal to reopen the proof. The Board also ruled that the

ALJ's decision that there was no permanent occupational disability was supported by substantial evidence and that a decision in claimant's favor was not compelled.

The Court of Appeals agreed with the Board that the evidence did not compel a finding of permanent disability. However, the court believed that although 803 KAR 25:011 § 8(7) [now 803 KAR 25:011 § 8(8) ] "vests the ALJ with wide discretion in determining what constitutes good cause sufficient to warrant granting a motion to reopen," the ALJ's "predisposition" to disbelieve the testimony of a claimant's treating physician constituted sufficient good cause to warrant granting the motion. The court believed that there was no evidence that such additional proof would cause unfair prejudice to the defendants. The court noted that the regulation was designed to permit the taking of additional proof between the prehearing conference and the hearing under such unusual circumstances.

Throughout the Workers' Compensation Act the legislature has incorporated a policy of favoring the settlement of workers' compensation claims. See KRS 342.265, KRS 342.270(3), and KRS 342.320(4). That policy, the goal of which is to put benefits into the hands of injured workers as expeditiously as possible and with a minimum of legal expense, has been promoted by the Board and by numerous decisions of the courts. Both the relevant statutes and the regulations in effect during the pendency of this claim reinforced the underlying goals of the policy. KRS 342.270(1) and (2) provided that where the parties failed to reach an agreement and a claim was filed, a prehearing conference was required to be scheduled within 30 days of an application for such a conference. KRS 342.270(3) indicated that at the conference:

> (3) . . . an administrative law judge shall confer informally with the parties at issue and their counsel, if any, for the purpose of defining and narrowing the issues, discussing settlement, and considering other relevant matters that may aid in the disposal of the case. If agreement upon any matter is reached, the administrative law judge shall write a memorandum setting forth the matters agreed upon. The ad-

ministrative law judge and all parties shall sign the memorandum, and the administrative law judge shall file it with the board. Once filed, the memorandum shall become a part of the record.

803 KAR 25:011 § 8(1) and (2) provided:

> (1) The purposes of the prehearing conference are to expedite the processing of contested cases and to avoid whenever possible the need for a formal hearing. The conference is an informal procedure, presided over by the administrative law judge. No transcript of the proceedings of the conference shall be made. At the conference every effort shall be made by all parties to dispose of controversies whenever possible, to narrow and define issues, and to facilitate prompt settlement of the claim. The parties shall exchange lists of known witnesses fifteen (15) days before the prehearing conference and final additions, if any, to the respective witness lists shall be made at least seven (7) days before the prehearing conference.

> (2) The plaintiff and his representative, the defendant employer/insurer or its representative, and the representatives of all other parties shall attend the prehearing conference. The representative of any party must have authority to resolve disputed issues and settle the claim at the conference. The administrative law judge may upon motion waive the requirement that the plaintiff shall attend the conference, but only for good cause shown in the motion and with a showing that the plaintiff's representative will attend the conference with full authority to settle the claim.

Pursuant to 803 KAR 25:011 § 5(5), the prehearing conference was to be scheduled no less than 15 days after the last day of discovery and proof time in order to allow the proof to be filed before the conference, presumably to give the ALJ an adequate opportunity to become familiar with the evidence in order to be able to effectively preside over the conference. These statutes and regulations are substantially the same today, although 803 KAR 25:011 § 8(1) now additionally requires a summary of all testimony.

It is without question that the ALJ must be an unbiased finder of fact. It is also true

that it is the function of the ALJ to determine which of the medical experts to believe. When the parties appeared at the prehearing conference in this case, the ALJ had not only had an opportunity to become familiar with the evidence which was submitted by each party but to form a tentative opinion of the strength of each party's case. Under these circumstances, a comment that he had serious doubts about a witness's testimony or that he was, at that point, unpersuaded by a witness's evidence cannot be assumed to indicate improper bias against that witness such as would have required giving claimant an opportunity to obtain other proof. Furthermore, there is no evidence whatsoever that the ALJ improperly considered matters outside the record in determining which witness or witnesses he chose to believe. We do not agree with the Court of Appeals that the ALJ abused his discretion in refusing to reopen the proof in this case. Furthermore, we believe that the ALJ's decision on the merits of the claim was supported by substantial evidence and that the opposite result was not compelled.

Accordingly, the decision of the Court of Appeals is hereby reversed, and the decision of the ALJ is hereby reinstated.

STEPHENS, C.J., and LEIBSON, REYNOLDS, and SPAIN, JJ., concur.

STUMBO, J., dissents by separate opinion in which LAMBERT and WINTERSHEIMER, JJ., join.

STUMBO, Justice, dissenting.

I respectfully dissent and, in doing so, need only quote a portion of Judge Gudgel's opinion for my reason:

> True enough, [803 KAR 25:011 § 8(8)] vests the ALJ with wide discretion in de-

termining what constitutes good cause sufficient to warrant granting a motion to reopen. However, [I] fail to perceive that an ALJ's predisposition to disbelieve the testimony of a claimant's treating physician, disclosed for the first time at the prehearing conference, does not amount to sufficient "good cause" to warrant granting a motion to reopen.

> After all, a claimant cannot be charged with knowing in advance that the physician selected for treatment purposes lacks credibility with the ALJ who later will be assigned to hear the claimant's case. Simple fairness and justice dictate that upon the discovery of such a fact, the claimant should be entitled to consult and depose a different physician prior to the hearing on the merits. This is especially true since the board's regulation was clearly intended to permit, in extreme cases, the taking of additional proof between the prehearing conference and the hearing. In our opinion, this is just such a case. Further, [I] note that there is nothing in the record to indicate that appellees would have been unfairly prejudiced had appellant been given an opportunity to take additional medical proof. [I would] hold, therefore, that the board erred by finding that there was no abuse of discretion in the ALJ's denial of appellant's motion to reopen.

LAMBERT and WINTERSHEIMER, JJ., join in this dissent.